█ In the Matter of WILLIAM W. MEED, Petitioner, v. FRANCIS B. LOONEY, or His Successor, as Commissioner of Police of the County of Nassau, Respondent.— Renewed proceeding to review respondent's determination, dated January 6, 1969, which dismissed petitioner from his position as a patrolman in the Nassau County Police Department. Respondent has moved to dismiss the petition upon an objection in point of law. Respondent's motion granted and renewed proceeding dismissed, without costs. Petitioner's dismissal from his position was after a hearing and upon a charge that he had stolen certain items from B. Altman & Co. on February 15, 1968. The dismissal was confirmed by this court on March 9, 1970 (*Matter of Meed* v. *Looney*, 34 A D 2d 620). Petitioner now seeks again to review that determination, on the ground of newly discovered evidence regarding the credibility of the principal complaining witness and upon the additional ground of lack of jurisdiction in that petitioner was not afforded a hearing before the Commissioner of Police of Nassau County. In our opinion, both contentions raised by petitioner are without merit. The newly discovered evidence, including a motel registration card for the nights of January 14, 1968 and January 15, 1968 and an affidavit to the effect that petitioner's car was being repaired from February 3, 1968 to February 12, 1968, was clearly available to petitioner at the time of the hearing. Neither should any evidence as to the complaining witness' credibility, especially from neighbors, have been so late in forthcoming. In our opinion, petitioner has been guilty of gross laches in seeking the instant relief. Moreover, in our opinion, the newly discovered evidence would probably not have produced a different result. Petitioner further alleges that his hearing before a deputy chief inspector des-

ignated by the Commissioner, and not before the Commissioner himself, was in violation of the Nassau County Administrative Code. This contention is similarly without merit. Subdivision b of section 8–13.0 (L. 1939, chs. 272, 701–709 as amd.) of the Nassau County Administrative Code gives the Commissioner the unqualified right to designate a trial officer to hear charges against patrolmen and to report his findings and recommendations to the Commissioner for action. A hearing with full due process protection afforded petitioner was conducted by a deputy inspector who reported to the Commissioner. In our opinion the hearing tribunal as constituted complied with the Administrative Code of Nassau County and jurisdiction was present. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.